**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES L. EDWARDS,

      Plaintiff - Appellant,

v.

GARY JOHNSON, Governor, State of
New Mexico; ROBERT J. PERRY,
Secretary of Corrections; STATE OF
NEW MEXICO; NEW MEXICO
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 01-2235
(D.C. No. CIV-01-422-MV)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

      Plaintiff-Appellant Charlie Louis Edwards, a New Mexico state inmate,
brought this suit under 42 U.S.C. § 1983. His primary allegation is that his
incarceration in a privately run correctional facility violates state law. The
district court dismissed the complaint sua sponte, and we affirm.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Edwards, who has at all times in this litigation proceeded pro se and in forma pauperis, alleges that various state officials violated N.M. Stat. Ann. § 31-20-2 by housing state prisoners in privately run county correctional facilities. According to the complaint, § 31-20-2 creates a liberty interest subject to due process protection under the Fourteenth Amendment. Edwards further alleges that the State retaliated against his litigation "by taking all the law libraries in the State." (R. Doc. 1 Attach. at 3.) Specifically, he claims:

> The State no longer provides case law forms or typewriters for the petitioners to research and prepare his responses. The State has not provided anyone to advise petitioners, such as a lawyer or paralegal. [The correctional facility], by order of the State, is now censoring all mail, which is a violation of the first amendment of the Constitution of the United States.

(Id.) The district court dismissed all of Edwards's claims sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). On appeal, Edwards does not take issue with the district court's dismissal of his retaliation claim. Regarding the remainder of the complaint, Edwards argues that dismissal without allowing him to amend was in error.

We review the district court's dismissal under the standards stated in Curley v. Perry, 246 F.3d 1278 (10th Cir.), cert. denied, 122 S. Ct. 274 (2001):

> We review de novo the district court's decision to dismiss a complaint under § 1915(e)(2) for failure to state a claim. We must accept the allegations of the complaint as true and view them in the light most favorable to the plaintiff. We further construe a pro se complaint liberally. Dismissal of a pro se complaint for failure to

state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. Similarly, dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.

Id. at 1281–82 (quotations and citations omitted).

Title 42 U.S.C. § 1983 provides a remedy for deprivations of <u>federal</u> constitutional or statutory rights. Incarceration in a privately run county correctional facility does not ipso facto violate federal constitutional or statutory law. See <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000) ("Moreover, there is no federal constitutional right to incarceration in any particular prison or portion of a prison."). Edwards does allege, however, that a state statute, N.M. Stat. Ann. § 31-20-2, creates a liberty interest that has been taken in violation of the Due Process Clause of the Fourteenth Amendment. The Supreme Court has recognized that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." <u>Sandin v. Conner</u>, 515 U.S. 472, 483 (1995).

But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Id.</u> at 484 (citations omitted).  Edwards' incarceration in a privately run county correctional facility is not an "atypical and significant hardship" on him and thus does not rise to the level of a federal due process violation.

We therefore conclude that the district court did not err in dismissing Edwards' complaint.  We also conclude that affording Edwards an opportunity to amend his complaint would have been futile.

The judgment is **AFFIRMED**.[1]  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[1] Appellant is reminded of his obligation to continue making partial payments until the entire filing fee has been paid.