**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM BIRKLEY,

      Plaintiff - Appellant,

v.

PRI AUTOMATION OF
MASSACHUSETTS and INTEL, a
Delaware corporation, each a
corporation and their shareholders and
any future owners; ARCHDIOCESE
OF SANTA FE and ARCHDIOCESE
OF PHOENIX, each a corporation;
STEPHEN HOUIDOBRE, DENNIS
MILINAZZO, BOB GASSIOT,
JAMES CONSTAND, MARK
BRITTON, STEPHEN WENTZELL,
KARL LE CLAIRE, G. WATTLEY,
SHARON BECKLEY, and SANDRA
ABEYTA, each an individual, their
spouse, heirs, and estate, if any,

      Defendants - Appellees.

No. 02-2091
D.C. No. CIV-01-350 M/WWD
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BARRETT** , and **EBEL** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of his action against his former employer and others for damages resulting from his loss of employment. The district court dismissed certain defendants under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief could be granted and granted summary judgment to the others.

We review both the Rule 12(b)(6) dismissal and the grant of summary judgment de novo. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (Rule 12(b)(6)); *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (summary judgment). A motion to dismiss for failure to state a claim is to be granted only when it appears beyond doubt that the plaintiff cannot prove facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

-2-

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Plaintiff was a field engineer employed by PRI Automation, Inc. (PRI), which, in turn, is a subcontractor at the Intel Plant in Rio Rancho, New Mexico. PRI provides engineers to work on equipment it provides Intel. Plaintiff and the other PRI defendants worked at the Intel plant as PRI employees.

In July of 1998, plaintiff complained to the PRI Human Resources Office that PRI defendant Houidobre and a religious organization (referred to as both "Warriors of the Sacred King" and "Warriors of Christ," R. Vol. I, doc. 3 at 5, attach. C-1) were harassing him because he did not belong to the Warriors. *Id., doc. 56 at 3.* According to plaintiff, the group was supported by the two Catholic Archdiocese defendants and lead by defendant Father Karl LeClaire (Archdiocese defendants). Plaintiff further contended members of the group had used Intel's e-mail system to promote themselves, were engaged in hate-crime activity, and promoted a paramilitary image. *Id.* Plaintiff was transferred to another shift, in which he did not have personal contact with Houidobre, but on the new shift, plaintiff claims he was harassed by other PRI employees.

Plaintiff was injured in September of 1999, and claimed he received inadequate medical treatment. He also contended he was suffering from depression. Two of PRI's employees accused plaintiff of sleeping at the plant

during his work shift, an accusation made in front of Intel defendant Wattley.[1]

On October 30, 1999, Wattley discovered plaintiff asleep on the job and escorted plaintiff from the plant. This was in accordance with Intel's policy to walk an employee or a subcontractor's employee from the plant if the employee was found sleeping. Subsequently, a meeting was held among PRI and Intel employees at which it was determined that plaintiff was asleep during his work and had properly been escorted from the plant. Plaintiff was not present at the meeting.

Intel advised PRI that plaintiff would not be able to work at its facilities. PRI subsequently terminated plaintiff from its employ. As part of that termination, plaintiff signed a Release of Claims, releasing PRI and its employees from all claims that might be brought arising from his employment with and termination by PRI. As part of the release, plaintiff received seven weeks' salary as compensation. Plaintiff contended that as a result of his termination, he was unemployed for fourteen months, lost his medical insurance, could not pay medical bills or receive proper medical care, and incurred other monetary damages.

Rather than setting forth counts or causes of action, plaintiff's amended complaint recited numerous "supporting laws" for his claims against the three

---

[1] Plaintiff alleges that part of his job duties included training Wattley, who could eventually have succeeded to plaintiff's job.

defendant groups: PRI and its employees, Intel and its employees, and the Archdiocese defendants. Intel moved to dismiss under Fed. R. Civ. P. 12(b)(6); PRI filed a motion for summary judgment, or, alternatively, to dismiss. In a comprehensive order giving plaintiff the broadest possible latitude in terms of his claims, the district court granted these motions and sua sponte dismissed the remaining claims against the Archdiocese defendants. R. Vol. I, doc. 56.

On appeal, plaintiff lists six issues, the first three of which concern the Archdiocese defendants. Plaintiff contends that defendant LeClaire was properly served at his place of work/residence, but that he did not answer the complaint or consent to proceeding before a magistrate judge. Plaintiff also contends that the Diocese of Santa Fe was served in the same manner as the other defendants and also did not answer the complaint. Plaintiff claims the district court denied him his rights under Fed. R. Civ. P. 55 "to file for a default judgment" against these defendants and that the "matter should be reset before a judge not a magistrate." Aplt. Br. at 4.

The district court dismissed this set of defendants, sua sponte, for failure to state a claim against them on which relief could be granted. R. Vol. I, doc. 56 at 13-15. However, the court further granted plaintiff ten days in which to amend his complaint to attempt to state a cause of action against these defendants. Plaintiff did not do so. *Id.* at 14-15. Plaintiff does not argue that his amended

complaint stated a cognizable cause of action against these defendants, and we uphold the district court's determination that no claim was stated. *See Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir.), *cert. denied*, 122 S. Ct. 274 (2001) (sua sponte dismissal of meritless claim permissible under Rule 12(b)(6)). Plaintiff's arguments regarding service are therefore irrelevant, as is defendant LeClaire's refusal to proceed before a magistrate judge. In addition, plaintiff did not file a motion for default judgment under Fed. R. Civ. P. 55, nor is there any support in the record for his statement that the district court denied him the right to do so.

As his fourth issue, plaintiff argues that the district court's dismissal of Intel was improper because Intel permitted the abuse of its e-mail system by certain of PRI's employees. There is no claim that any e-mail messages were sent to plaintiff promoting the Warriors or that any specific Intel employees were Warriors who were misusing the e-mail system. Plaintiff also made no factual showing of how he was harmed by the allegedly improper e-mails. With the possible exception of a single word, none of the messages furnished by plaintiff show any per se offensive language. This issue is therefore without merit.

For his fifth issue, plaintiff argues that he "signed an agreement under great personal, physical, and mental duress." Aplt. Br. at 5. We take this to mean the release form by which he relinquished his right to sue PRI based on any employment/termination causes of action he might have had. In his complaint,

-6-

plaintiff did not mention the Release of Claims.[2] In fact, not until his response to PRI's motion for summary judgment and/or to dismiss did he acknowledge PRI's defense of a valid release and allege for the first time that PRI had failed to comply with certain of the agreement's terms.[3] Because he did not raise the "mental duress" claim below, we will not consider this argument made for the first time on appeal. *See Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997).

As his sixth issue, plaintiff argues both that PRI defaulted in its performance of the agreement and that even if the release is valid, he can still proceed. Citing *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422 (1998), he contends that "circumstances such as fraud, duress or mutual mistake may render an age discrimination waiver invalid because the waiver is not knowing and voluntary." Aplt. Br. at 6. We note, however, that *Oubre* concerned the requirements for a valid waiver of Age Discrimination in Employment Act claims and that none of plaintiff's two dozen cited "supporting laws" include the age discrimination statute. Moreover, it appears that the release in fact complied with

---

[2] Rather, he stated that he received a "termination letter" and that "[a]ll the conditions of the contract were breached except for the payment of wages." R. Vol. I, doc. 3 at 7. He offered no specifics beyond this statement.

[3] In response, PRI denied any breach of the agreement, but also offered to work toward curing any failure to comply.

the very requirements the Supreme Court found wanting in *Oubre*. *See Id.* at 426-28; 29 U.S.C. § 626(f).

Again, we note that when plaintiff belatedly raised his argument that certain terms of the agreement had not been met, PRI specifically offered to correct any error by paying any of plaintiff's bills or expenses that should have been covered under the terms of the agreement. R. Vol. I, doc. 55 at 3. Plaintiff does not deny that PRI has offered to cure any mistake in failing to provide plaintiff a promised benefit, nor, apparently has he responded to PRI's offer. *See* PRI's Br. at 12. The district court correctly concluded that the Release of Claims bars plaintiff's claims against PRI and its employees.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-8-