**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2001**

**PATRICK FISHER**
**Clerk**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE MICHAEL CURLEY,

       Plaintiff-Appellant,

v.

ROB PERRY, Secretary of
Corrections, New Mexico Department
of Corrections; JOHN SHANKS,
Director of Adult Prisons, New
Mexico Department of Corrections;
RON LYTLE, Warden, Central New
Mexico Correctional Facility; NEW
MEXICO CORRECTIONS
DEPARTMENT, and all adult prisons
acting under legal concert with the
State of New Mexico Corrections
Department, individually and in their
official capacities,

       Defendants-Appellees.

No. 00-2152

---

UNITED STATES OF AMERICA,

       Intervenor.

---

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CIV-00-334-JC/LFG)**

Submitted on the briefs:[*]

George Michael Curley, pro se.

Richard J. Banta and Lisa A. Vanderhoof, Denver, Colorado, for Plaintiff-Appellant.

Patricia A. Madrid, Attorney General, State of New Mexico and Patricia Gandert, Assistant Attorney General, State of New Mexico, Santa Fe, New Mexico, for Defendants-Appellees.

David W. Ogden, Assistant Attorney General; Norman C. Bay, United States Attorney; Barbara L. Herwig, Attorney, Department of Justice; and Jonathan H. Levy, Attorney, Department of Justice, Washington, D.C., for Intervenor.

————————————

Before **SEYMOUR**, **EBEL** and **BRISCOE**, Circuit Judges.

————————————

**EBEL**, Circuit Judge.

————————————

George Michael Curley filed this pro se civil-rights action seeking to restrict inmate-to-inmate correspondence in the New Mexico prison system. Acting sua sponte under 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6), the district court dismissed his complaint with prejudice because it failed to state a claim upon which relief could be granted. We granted Curley's motion for leave to proceed on appeal without prepayment of costs or

————————————

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case therefore is ordered submitted without oral argument.

fees, appointed counsel, and directed supplemental briefing on the constitutionality of § 1915(e)(2)(B)(ii). (Order of October 10, 2000.) We also granted the United States's motion to intervene to defend the constitutionality of a congressional act. (Order of January 24, 2001.) We now affirm.

## BACKGROUND

Curley is a state prisoner in New Mexico. Due to unspecified threats, he has been placed in administrative segregation for his own safety. He alleges that he is being targeted by members of the "Security Threat Group," allegedly a group of inmates in the New Mexico prison system who take retaliatory action against other inmates. He asserts that members of the Security Threat Group plan their violent activities through inmate-to-inmate correspondence. While in segregation, Curley received a threatening letter from an inmate at another facility, which he turned over to a prison official. Although we do not have a copy of that letter, Curley alleges it revealed that he was being targeted by the Security Threat Group because of his perceived assistance to the authorities in some way.

Curley seeks, by this lawsuit, to prohibit all inmate-to-inmate mail except for correspondence between immediate family members or involving legal issues. His complaint asks for a declaratory judgment and an injunction that (among

other things) would require Defendants to "investigate" and ultimately implement more restrictive correspondence regulations. He does not seek monetary damages.

The district court granted Curley's motion for leave to proceed in forma pauperis. The court, acting sua sponte, then dismissed the complaint with prejudice for failure to state a claim upon which relief could be granted under both 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(6).

On appeal, Curley challenges both the district court's dismissal decision on the merits and the constitutionality of the court's procedure in sua sponte dismissal. We address the merits first because we need to address the constitutional procedural challenge only if we affirm on the merits the dismissal under § 1915(e)(2) and Rule 12(b)(6).

**DISCUSSION**

The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

I. <u>Failure to state a claim</u>

We review de novo the district court's decision to dismiss a complaint under § 1915(e)(2) for failure to state a claim. <u>See</u> <u>Perkins v. Kansas Dep't of Corrections</u>, 165 F.3d 803, 806 (10th Cir. 1999). We must accept the allegations of the complaint as true and view them in the light most favorable to the plaintiff.

See id. We further construe a pro se complaint liberally. See id. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Id. Similarly, dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Like the district court in this case, we construe Curley's complaint as asserting a violation of the Eighth Amendment. He argues that the prison officials created unconstitutional conditions of confinement by failing to prevent or monitor inmate-to-inmate correspondence, which is an alleged mechanism that inmates use to plan violence against other inmates.

A prison official's failure to prevent harm "violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, the prison official's act or omission must be "objectively, sufficiently serious" and "result in the denial of the minimal civilized measure of life's necessities. . . . [T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. (quotation marks and citations omitted). Second, the "prison official must have a sufficiently culpable

state of mind," in this case "deliberate indifference to inmate health or safety." Id. (quotation marks omitted). Deliberate indifference requires actual knowledge of the risk to inmate safety. See id. at 837.

The complaint in this case does not meet either requirement. While "prison officials have a duty to protect prisoners from violence at the hands of other prisoners," id. at 833 (citations, quotations marks, and alteration omitted), Curley has not alleged facts to show that the vague threat he received, without more, poses a substantial risk of serious harm to him. More significantly, Curley has not alleged that any of the Defendants are acting with deliberate indifference to his safety. To the contrary, he alleges that he has been placed in administrative segregation for his own protection. Therefore, the complaint as it stands did not state a claim upon which relief can be granted.

We can conceive of amendments to the complaint that would satisfy the first prong of Farmer, if Curley could show that the letter he received was so threatening and credible that the prison officials' failure to act is objectively, sufficiently serious. We do not believe, however, that any amendment could establish that the officials are acting with deliberate indifference to Curley's safety. By placing Curley in administrative segregation, the officials have demonstrated concern for his safety. Even if it is negligent of them not to take further protective actions, it cannot be said that they have shown deliberate

indifference. Cf. McGill v. Duckworth, 944 F.2d 344, 350 (7th Cir. 1991) ("[T]o the extent the defendants knew of threats they took immediate action to remove McGill from the general population. It makes no sense to infer that they wanted him humiliated, or didn't give a fig for his welfare, when they acted promptly to protect his safety."), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). Because no amendment could cure this defect, it was appropriate for the district court to dismiss the complaint with prejudice.

We therefore affirm the district court's decision dismissing Curley's complaint for failure to state a claim.

II. Constitutionality of sua sponte dismissal under Rule 12(b)(6) and § 1915(e)(2)

Curley argues that the district court violated his Fifth Amendment rights to due process and equal protection of the laws by dismissing his complaint without providing notice or an opportunity to amend it. We review this constitutional question de novo. See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (constitutionality of a federal statute).

A. <u>Due Process</u>

At our request, the parties have briefed the constitutionality of sua sponte dismissal under § 1915(e)(2)(B)(ii)[1] without notice or opportunity to amend. Upon further review, we conclude that Curley's original constitutional claim is broad enough to encompass a similar challenge to the constitutionality of sua sponte dismissal under Rule 12(b)(6)[2] without notice or an opportunity to amend. For the purposes of the Due Process Clause, the standard for dismissal for failure to state a claim is essentially the same under both provisions. <u>Compare</u> <u>Perkins</u>, 165 F.3d at 806 ("Dismissal of a pro se complaint for failure to state a claim [under § 1915(e)(2)(B)(ii)] is proper only where <u>it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend</u>." (emphasis added)), <u>with</u> <u>Hall</u>, 935 F.2d at 1109-10 ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte when <u>it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint</u>

---

[1]Section 1915(e)(2) provides that once a district court allows a plaintiff to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted."

[2]Rule 12(b)(6) allows a defendant to move that a complaint be dismissed for "failure to state a claim upon which relief can be granted."

would be futile." (quotation marks omitted) (emphasis added)). We therefore find it appropriate to address the constitutionality of both procedures employed by the district court in this case.[3]

Curley argues that the dismissal in his case violated his due process rights by infringing on his right of access to the courts. A number of courts have held, however, that sua sponte dismissal of a meritless claim under Rule 12(b)(6) or a statutory provision does not violate due process or unduly burden a plaintiff's right of access to the courts. See Martin v. Scott, 156 F.3d 578, 580 n.2 (5th Cir. 1998) (per curiam) (holding that the screening provisions of § 1915A do not restrict prisoners' right of access to the courts); Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991) (holding that due process is not violated by sua sponte dismissal when the underlying claim is without merit and amendment would be futile); Hanley v. Stewart, 21 F. Supp. 2d 1088, 1093 (D. Ariz. 1998) ("A prisoner whose case has been dismissed pursuant to section 1915A(b)(1) has had his case heard and decided by a court and therefore has not been denied access to the courts."); cf. Christiansen v. Clarke, 147 F.3d 655, 657 (8th Cir. 1998) (apparently rejecting a due process challenge to § 1915(e)(2)(B)(ii) without

---

[3]A similar provision mandates sua sponte review of complaints by prisoners. See 28 U.S.C. § 1915A(b)(1). The district court did not rely on § 1915A, and we express no opinion on its constitutionality or proper construction.

comment); Bilal v. Kaplan, 956 F.2d 856, 857 (8th Cir. 1992) (per curiam) (affirming the denial of a Rule 60(b)(6) motion arguing that sua sponte dismissal violated due process); Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) ("[A] trial court may dismiss a claim sua sponte without notice where the claimant cannot possibly win relief. . . . [This rule] is practical and fully consistent with plaintiffs' rights . . . ." (quotation marks omitted)). But see Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 527 (11th Cir. 1983) ("Even if its claim ultimately has no merit, a party who brings a claim in good faith has a due process right to litigate that claim. . . . The order . . . sua sponte dismissing the case failed to give Wometco its due process rights to file a written response, present its arguments at a hearing, and amend its complaint.").

We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts. Curley has not been prevented from bringing a meritorious claim. In addition, we find adequate procedural safeguards to avoid erroneous dismissals. A litigant whose complaint has been dismissed with prejudice could file a motion to alter or amend the judgment under

Rule 59(e) or for relief from the judgment under Rule 60(b).[4] The litigant can also bring an appeal, in which we conduct plenary review of the sufficiency of the complaint. Other courts have found these procedures adequate to protect plaintiffs' rights in the context of sua sponte dismissals for failure to prosecute, see Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962), or for defective service, see Blaney v. West, 209 F.3d 1027, 1031-32 (7th Cir. 2000). As the Seventh Circuit explained, "The lack of notice before the entry of the judgment certainly did not rise to the level of a violation of due process in this case because [the plaintiff] received notice from the judgment itself and had ample opportunity after the entry of the judgment to make his case to the district court." Blaney, 209 F.3d at 1032; cf. Link, 370 U.S. at 632 ("[T]he availability of a corrective remedy such as is provided by Federal Rule of Procedure 60(b) – which authorizes the reopening of cases in which final orders have been inadvisedly entered – renders the lack of prior notice of less consequence."). We hold similarly that the lack of prior notice of a sua sponte dismissal with prejudice for failure to state a claim is harmless when, as here, the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies.

_____

[4]Curley did not file a motion under Rule 59 or Rule 60.

We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim. Cf. Denton v. Hernandez, 504 U.S. 25, 34 (1992) (holding that under a prior version of § 1915, "if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend."). In this case, however, the district court appears to have considered whether amendment would be futile. (Doc. 9, at 1.) Given Curley's allegation that the prison has responded to his safety concerns by placing him in protective segregation, we agree that amendment would be futile. Curley therefore has been afforded the process to which he is constitutionally entitled.

B. Equal Protection

Curley argues that § 1915(e)(2) violates equal protection principles by treating indigent litigants less favorably than paying litigants. As we noted above, however, in this circuit the standard for dismissal for failure to state a claim upon which relief can be granted without providing an opportunity to amend is very similar under § 1915(e)(2) and Rule 12(b)(6). Therefore, indigent litigants are not treated less favorably then paying litigants.

In addition, "[u]nless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a rational relation to some legitimate end to comport with" equal protection. White, 157 F.3d at 1234 (quotation marks and citation omitted). Indigent plaintiffs[5] do not constitute a suspect class, see id., and we concluded above that the sua sponte dismissal in this case did not violate Curley's fundamental due process rights. We agree with the Eighth Circuit that § 1915(e)(2) rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review sua sponte claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims. See Christiansen, 147 F.3d at 658. The Christiansen case appears to be the only published federal appellate decision squarely to rule on the constitutionality of this section. We likewise hold that § 1915(e)(2) does not violate Curley's equal protection rights.

---

[5]Curley's Supplemental Brief also seems to argue that the statute discriminates between prisoners and non-prisoners. However, prisoners, like indigents, are not a suspect class for the purposes of equal protection analysis. See White, 157 F.3d at 1234. The analysis is therefore similar regardless of whether Curley is treated as a prisoner or an indigent.

## CONCLUSION

Curley's complaint fails to state a claim upon which relief can be granted. The statute under which his complaint was dismissed is constitutional. We therefore AFFIRM the district court's decision.