Terry D. THOMPSON, Plaintiff–
Appellant,

v.

Gary L. GIBSON, Defendant–Appellee.

No. 01–7000.

United States Court of Appeals,
Tenth Circuit.

June 5, 2001.

Before EBEL, KELLY, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Appellant Terry Thompson, an Oklahoma state prisoner, appears before this Court pro se seeking review of the district court's dismissal of his 42 U.S.C. § 1983 civil rights action Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

### I

As best we can surmise, the facts are as follows. On July 27, 1998, appellant perfected his state post-conviction proceeding application in state court. After multiple additional filings by appellant, the state finally responded to appellant's post-conviction application on March 10, 1999. Shortly thereafter, on April 6, 1999, appellant filed a reply to the state's response.

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App.P. 34(a)(2) and 10th Cir.R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

Frustrated with the length of time the state court was taking in assessing his post-conviction application, appellant sought to file a petition for writ of mandamus in the state court. Appellant received a letter dated July 8, 1999, from the clerk of the Tulsa County courthouse informing him that his petition had been received and filed that day and that the clerk was "confused by the summons and did not issue or serve it." (R. Doc. 10 Ex. D.) The letter further explained that the clerk was under the impression that appellant wanted to file a criminal suit, not a civil one, and that summonses are not employed in criminal suits. Additionally, the letter stated that although "our office can issue a summons for you, we do not serve them." (*Id.*) Thompson promptly wrote back, and in a letter of July 19, 1999, he informed the clerk that he wished the mandamus petition to be filed "into the records of the civil court procedure" and that he needed the clerk to issue a summons. (*Id.* Ex. E.) The clerk responded two days later, informing appellant that he needed to complete a pauper's affidavit, enclosing the proper forms for his completion, and directing him to the Oklahoma Pleading Code, Okla.Stat.Ann. tit. 12, §§ 2001 *et seq.*, for assistance in litigating his case.

On August 2, 1999, appellant's petition for writ of mandamus was filed with the Tulsa County district court. Seven days later, on August 9, 1999, appellant submitted the petition for writ of mandamus, along with the summonses issued by the court, to the mail room at the Oklahoma State Penitentiary ("OSP") and requested that they be sent out by certified mail. According to appellant, the mail room denied his request for use of certified mail, informed him the documents would be sent by first class mail, and sent him a "verbal

message stating that there will be a legal showing upon the penitentiary mail log, that the petitions were mailed." (R. Doc. 2 at 4.) After a series of grievances and requests to staff filed by appellant asserting his need for certified mail and a series of responses by prison officials informing appellant, essentially, that the relevant prison regulation does not provide for free certified mailing privileges in appellant's circumstances, appellant brought the instant suit in federal district court against Gary Gibson, OSP Warden, in his individual or official capacity alleging violations of his constitutional rights. Specifically, he alleged that (1) defendant deliberately denied him meaningful access to the courts in violation of his rights under the Eighth Amendment[1] and (2) defendant discriminated against appellant on the basis of his indigent status in violation of his right to equal protection under the Fourteenth Amendment.

In an October 2000 order, the federal district court for the Eastern District of Oklahoma dismissed appellant's case as frivolous pursuant to 28 U.S.C. § 1915(e) because appellant failed to allege actual injury and his complaint was vague and conclusory. The court also held that appellant's claims against the defendant in his official capacity were barred by the Eleventh Amendment. It is the federal district court's dismissal of appellant's civil constitutional action that is at issue in the instant appeal.

## II

In this Court, appellant argues (1) that the district court deprived him of due process of law and (2) that the district court abused its discretion in dismissing his case as frivolous.

---

1. Appellant listed as a separate count emotional injuries from his denial of access to the courts in violation of the Eighth Amendment.

■ Appellant's first claim arises from appellee's failure to file a response to appellant's Summary Judgment motion of October 24, 2000, and the district court's alleged failure to consider appellee's lack of response in the proper light according to Federal Rule of Civil Procedure 56(e). This argument is meritless. By its express terms, Rule 56(e) does not require a response from the adverse party in every instance. The Rule states, "If the adverse party does not so respond, summary judgment, *if appropriate,* shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). In other words, even if the adverse party does not respond, summary judgment in favor of the moving party may still be inappropriate. Moreover, in its order dismissing appellant's complaint, the court explicitly noted that the action was before it "on defendant's motion to dismiss, plaintiff's motion for summary judgment, and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915." (R. Doc. 12 at 1.) Five months before appellant filed his summary judgment motion, appellee filed a motion to dismiss. It was upon this earlier motion and the court's own motion that appellant's suit was dismissed. As a matter of basic civil procedure, in order for a court to rule on a summary judgment motion, the suit must first make it past the pleadings stage. Because appellant's suit was dismissed on the pleadings, the court did not violate appellant's rights by allegedly failing to handle the summary judgment motion and appellee's lack of response to such motion.

■ Regarding appellant's second claim, we first note that we review the district court's dismissal for failure to state a claim upon which relief can be granted de novo. *Curley v. Perry,* 246 F.3d 1278, 1281 (10th

Cir.2001).[2] Employing that standard, we affirm the district court's dismissal of appellant's suit. Appellant argues, inter alia, that he was denied access to the courts because under Okla.Stat.Ann. tit. 28, § 152, indigent inmates are permitted to litigate without costs and thus the court clerk should have served his summons for him. Additionally, appellant claims that appellee hindered his efforts to seek meaningful access to court by failing to inform him of his options—i.e., the option to seek a court order stating that he needed certified mail to serve the defendants—and that appellee discriminated against appellant on the basis of his indigent status.

■ In order to state a claim for denial of access to the courts and means to effectuate such access in violation of the Constitution, *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), a prisoner must demonstrate actual injury, *Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). After carefully reviewing the record and appellant's brief, it appears that his asserted injuries are delay in access to the courts and inability to effectuate proper service by mail according to Okla.Stat.Ann. tit. 12, § 2004(C)(2). We conclude the delay was due in large part to appellant's own actions. Although it is true the court clerk informed appellant she would not serve his summons, she told him this when she thought he was trying to file the mandamus petition in his criminal action. Despite the fact that the clerk later informed appellant his pauper's affidavit was deficient and sent him the proper forms to complete, the record does not show he completed those forms so as to establish his indigence for purposes of § 152. Instead, appellant apparently resorted pre-

---

2. Appellant's statement of the issue indicates his belief that we review the district court's decision for an abuse of discretion. The de

novo standard of review provides appellant with a greater chance for relief.

maturely to the OSP grievance procedure—this is neither the fault of the clerk nor of appellee. Appellant also fails to allege actual injury from appellee's refusal to mail his summons from the petition for mandamus by certified mail. He does not allege—and the record does not establish—that service by first class mail was actually ineffective, nor that defendant challenged the summons as ineffective because it was served via first class mail instead of certified mail.

### III

We have liberally construed plaintiff's pro se briefs and the record before us; like the district court, we are unable to conclude plaintiff alleged actual injury sufficient to support his claim of denial of access to the courts. We therefore **AFFIRM** the district court's dismissal of appellant's § 1983 suit.[3] Finally, we remind appellant that he is obligated to continue making partial payments on his costs and fees pursuant to the district court's February 9, 2001, order.

The mandate shall issue forthwith.

---

**3.** Because we affirm the district court's dismissal of appellant's complaint as vague and conclusory, we need not address whether the Eleventh Amendment bars appellant's suit against appellee in his official capacity.