**Gary T. BETZLE, Plaintiff–Appellant,**

v.

**Jim GERINGER, individually and in his official capacity as Wyoming Governor; Judy Uphoff, individually and in her official capacity as Director of Wyoming Department of Corrections, Defendants–Appellees.**

No. 01–8014.

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 2001.

Before EBEL, KELLY and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

EBEL, Circuit Judge.

Gary Betzle is a Wyoming state prisoner who was transferred to a Colorado prison against his will. (Doc. 1, at 3–4.) In his complaint filed under 42 U.S.C. § 1983, he alleged that application of the Wyoming statute allowing the transfer violated the Ex Post Facto Clause of the United States Constitution (*id.* at 3) and that he was transferred in retaliation for his previous grievances and civil complaints against Defendants (*id.* at 8). The district court dismissed his complaint. (Doc. 6.) The court ruled that application of the Wyoming statute did not violate the Ex Post Facto Clause, because it neither altered the definition of criminal conduct nor increased the punishment for the crime. (*Id.* at 2.) It also ruled that he had alleged no factual basis to show that the transfer had any relationship to his grievances and complaints. (*Id.* at 3.) Finally, construing his complaint to raise a claim of excessive force under the Eighth Amendment, the court held that his allegations did not state a claim. (*Id.*)

For substantially the reasons stated by the district court, we AFFIRM. Betzle argues on appeal that he should be allowed to amend his complaint to clarify his arguments. He did not set forth in his Rule 60(b) motion below or in his appellate brief any additional facts or argument that would call the district court's decision into question, however. Thus, it was at most

motion was necessary to our resolution, it was his obligation to provide it to us.

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

harmless error to deny him an opportunity to amend. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir.2001) ("[L]ack of prior notice of a sua sponte dismissal with prejudice for failure to state a claim is harmless when, as here, the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies.").

Betzle is reminded of his obligation to continue making partial payments until the full amount of his filing fee is paid.