LUCERO, Circuit Judge,
Dissenting.
In McKinney v. State of Okla. Dep’t of Human Servs., we held that a sua sponte dismissal under Rule 12(b)(6) is not reversible error when: (1) it is “patently obvious that the plaintiff could not prevail on the facts alleged”; and (2) “allowing [the plain *410 tiff] an opportunity to amend his complaint would be futile.” 925 F.2d 368, 365 n. 1 (10th Cir.1991). In Curley v. Perry, we similarly noted that a “sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.” 246 F.3d 1278, 1284 (10th Cir.2001) (emphasis added). In the instant case, we have no idea whether Phillips’s complaint could have been salvaged by amendment because the district court failed to address the issue. It would not take a substantial effort for the district court to make the inquiry required by McKinney. I think this would be the better practice. While it is not my place to speculate as to whether Phillips could have, in good faith, amended his pleadings to state a claim under title VII, the record on appeal does reveal that Phillips is a member of a protected class of persons, African-Americans, indicating that it is not facially obvious that allowing him to amend his complaint would have been futile. It is true that Phillips is not barred from filing a new complaint, given that his Notice was dismissed without prejudice. However, the time and expense involved in forcing litigants to file new lawsuits, should they have a good faith basis to do so, can be obviated by the approach we established in McKinney. This approach strikes a balance between a district court’s legitimate need to be able to dispense with patently defective or frivolous complaints in an expeditious manner and the fact that “[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly.” Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002) (quotation omitted). It is especially important to uphold this balance when dealing with pro se litigants, who are generally “to be given reasonable opportunity to remedy defects in their pleadings.” Hall v. Bellmon, 935 F.2d 1106, 1110 n. 3 (10th Cir.1991).
For these reasons, I respectfully dissent.