**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANDREW W. MARR, JR.,

      Plaintiff-Appellant,

v.

ENVIRONMENTAL THERMAL
SYSTEMS, INC.; SAFE-TIRE
DISPOSAL CORP.; RECYCLED
ENERGY CORP.; SCOTT HOLDEN;
HAROLD H. HOLDEN; HOLDEN
ENERGY CORP.; COMP SOURCE
OKLAHOMA; AETNA LIFE INS.
CO-AETNA HEATH PLANS,

      Defendants-Appellees.

No. 03-6189
(D.C. No. 02-CV-1006-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff seeks review of the dismissal of his action for damages based on alleged violations of federal and state laws. The district court dismissed some defendants as immune and the remainder for failure to state a claim upon which relief could be granted. We have jurisdiction, and we affirm.

The gist of plaintiff's complaint is that the various defendants "made incompetent and incorrect medical decisions and were negligent in providing medical treatment as the [l]aw prescribes." R., Vol. I, Doc. 1, at 1. He contended his former employers were "in breach of written contracts," and that the refusal of other defendants to provide medical treatment has damaged his health and personal credit. *Id.* It appears the actions in question occurred in 1993 and 1995; plaintiff filed this action in July of 2002. Plaintiff sought damages "for a sum in excess of Fifty Thousand Dollars." *Id.* at 5.

In his amended complaint, plaintiff made revisions to the named defendants, amended certain claims, and requested in excess of $75,000. *Id.* at Doc. 31. The defendants moved to dismiss on various grounds; one defendant filed an answer. Plaintiff responded, furnishing copies of contracts, medical reports and other documents. *Id.* at Docs. 43-52.

The district court dismissed defendants Judge Edwards, the Workers' Compensation Court and the Oklahoma State Insurance Fund (now Comp Source Oklahoma) on immunity grounds. The other claims and defendants were dismissed without prejudice, with specific instructions to plaintiff regarding proper pleading requirements. *Id.* at Doc. 53. Plaintiff's appeal from this partial judgment, our case No. 02-6314, was dismissed for lack of appellate jurisdiction on May 28, 2003.

Meanwhile, plaintiff filed a second amended complaint in district court against the remaining private defendants and Comp Source Oklahoma. *Id.* at Doc. 62. In this complaint plaintiff alleged violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1986, as well as violations of the Americans with Disabilities Act (ADA), Workers' Compensation laws, federal labor laws, the Medical Leave Act of 1993, and several state laws. *Id.* He further listed state law causes of action for fraud, theft, negligence, emotional distress, and others.

The defendants previously dismissed without prejudice then moved to dismiss the second amended complaint for failure to state a claim on which relief can be granted and as barred by the applicable statute of limitations. *Id.* at Docs. 63, 65. Specifically, defendants contended plaintiff had failed to allege, much less establish, that any of their actions were taken under color of state law. Defendants further argued that any alleged violations were barred by Oklahoma's

-3-

two-year personal injury statute. *See* Okla. Stat. tit. 12, § 95. Plaintiff did not respond. The district court then dismissed the action with prejudice on the grounds plaintiff had failed to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at Docs. 66-67.

We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Dismissal was proper in this case because it was "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to [further] amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quotation omitted).

The judgment of the district court is AFFIRMED for the reasons stated in the court's orders of June 27, 2003, and September 23, 2002. Plaintiff's motion to file a supplemental brief entitled "Complaint and Request for Declaratory and Summary Judgement [sic]" is DENIED. Defendants' request for attorneys' fees is DENIED.

<div style="margin-left:50%;">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>