**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 29, 2005**

**TENTH CIRCUIT**

JOSEPH CURIALE,

    Plaintiff - Appellant,

v.

SUITTER, AXLAND & HANSON;
JESSE C. TRENTADUE; MICHAEL
HOMER,

    Defendants - Appellees.

No. 05-4076
(D.C. No. 2:04-CV-850-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Plaintiff-Appellant Joseph Curiale, a pro se litigant, appeals from the

district court's sua sponte dismissal of his civil rights action. Mr. Curiale brought

two claims against Defendants-Appellees, a law firm and two attorneys. The

district court dismissed the first claim for lack of subject matter jurisdiction under

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Fed. R. Civ. P. 12(h)(3) finding that Mr. Curiale's claim of reputational damage was not a proper § 1983 claim and therefore did not provide a basis for federal question jurisdiction. The district court dismissed the second claim under 28 U.S.C. § 1915(e)(2) for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and review both dismissal decisions de novo. Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001); Marcus v. Kan. Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).

The parties are sufficiently familiar with the facts that we need not restate them here. Upon reviewing the record and relevant law, we conclude sua sponte dismissal was appropriate in this case for substantially the same reasons given by the district court. Harm to reputation alone does not state a proper federal claim, but rather is a matter for state tort law. Paul v. Davis, 424 U.S. 693, 711-712 (1976); Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1154 (10th Cir. 2001). Likewise, it is clear from Mr. Curiale's second claim that "[he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Curley, 246 F.3d at 1281.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge