FILED
United States Court of Appeals
Tenth Circuit

December 19, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT EARL JACKSON,

     Plaintiff - Appellant,

v.

TIM WILKINSON, Warden, Davis
Correctional Facility; OFFICER
CARTWRIGHT, Davis Correctional
Facility; OFFICER RANKIN, Davis
Correctional Facility,

     Defendants - Appellees.

No. 16-7014
(D.C. No. 6:13-CV-00081-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

     Robert Earl Jackson, a prisoner in the custody of the Oklahoma Department of

Corrections, filed a pro se complaint under 42 U.S.C. § 1983 in the United States District

Court for the Eastern District of Oklahoma. It alleges that employees at the Davis

Correctional Facility (DCF), which is owned and operated by the Corrections

Corporation of America, Inc., violated the Fifth, Eighth, and Fourteenth Amendments by

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

depriving him of his television, MP3 player, and MP3 charger. The district court dismissed the complaint under 28 U.S.C. § 1915, and Mr. Jackson appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Jackson's amended complaint alleges the following: When he was transferred to DCF on September 22, 2009, he learned that his television had been damaged in transit. After he filed a claim for lost or damaged property, DCF officials agreed to provide him with a replacement. Before receiving the replacement, he was required to sign a property sheet. "DCF [then] provided [him] a loaner T.V. with a stipulation that the property must be returned upon [his] leaving facility." Am. Compl. 2 (R. at 223). But he was not aware of the stipulation and did not agree to it.

On February 17, 2012, Mr. Jackson was involved in an incident at the chow hall. DCF staff used force to place him in handcuffs. During the struggle his MP3 player and charger were lost. He informed DCF staff that he no longer had his MP3 player and asked them to retrieve it, but his requests were ignored.

When Mr. Jackson was transferred from DCF, the replacement television was retained by DCF, and he never saw his MP3 player or charger again. Although he pursued administrative remedies, the procedures were unfair and he was denied relief.

The district court dismissed Mr. Jackson's complaint, characterizing it as frivolous. Because the ground provided by the court was essentially that the complaint failed to state a claim, we review the dismissal de novo. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (dismissal for failure to state a claim under

28 U.S.C. §1915(e)(2)(B)(ii) is reviewed de novo). In doing so, we liberally construe the complaint. *See Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

Mr. Jackson's first claim is that prison officials intentionally deprived him of his property. But such deprivations do not violate due process if a meaningful postdeprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Mr. Jackson does not allege that Oklahoma lacks such remedies, and they appear to be available against employees of a private prison. *See* Okla. Stat. tit. 12, § 1571 (2016) (replevin). This claim was properly denied.

Mr. Jackson's second claim is that the administrative proceedings offered by DCF were unfair. He complains that the investigation and hearing were not impartial. But naked averments of partiality that do not allege sufficient specificity to allow evaluation do not state a due-process claim. *See Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 519–20 (10th Cir. 1998). Mr. Jackson's conclusory allegations are insufficient.

Finally, Mr. Jackson claims that by depriving him of his television, MP3 player, and charger, the DCF employees subjected him to cruel and unusual punishment. The Eighth Amendment protects inmates from deprivation "of the minimal civilized measure of life's necessities" as measured under a contemporary standard of decency. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). But deprivation of the items described by Mr. Jackson does not rise to that standard. *See Perkins*,165 F.3d at 809 ("An Eighth Amendment claim has . . . an objective component—whether the deprivation is sufficiently serious"); *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989) (deprivation of "little luxury" did "not amount to the infliction of cruel and unusual

**3**

punishment."), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010).

We **AFFIRM** the judgment below and **GRANT** Mr. Jackson's motion to proceed in forma pauperis. Appellant shall continue to make partial fee payments to the district court until the entire appellate fee is paid in full.

Entered for the Court

Harris L Hartz
Circuit Judge