**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEROY BUHL,

        Plaintiff-Appellant,

v.

MARY SOSA, Assistant Inmate
Systems Manager,

        Defendant-Appellee.

No. 03-1501
(D.C. No. 02-CV-992 (OES))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **McCONNELL** , **HOLLOWAY** , and **PORFILIO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Leroy Buhl, a federal prisoner proceeding pro se, appeals the district court's dismissal of his civil rights *Bivens*[1] action alleging his rights were violated when his personal property, including items he claims were necessary to his religious practices, was confiscated when he was transferred to the United States Penitentiary–Administrative Maximum in Florence, Colorado. In a thorough order, the magistrate judge recommended entering judgment in favor of defendant, and the district court adopted the recommendation after a de novo review. We affirm.

### Standards of Review

The district court's judgment was entered pursuant to Rule 56 of the Federal Rules of Civil Procedure (summary judgment), and 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal for failure to state a claim upon which relief may be granted). We review de novo either type of order. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002) (dismissal under § 1915(e)(2)(B)(ii)); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (summary judgment). In doing so, we construe the complaint in the light most favorable to the plaintiff. *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001); *McKnight*, 149 F.3d at 1128. "Dismissal of a pro se complaint for failure to state

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because Mr. Buhl is representing himself on appeal, his pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Merits*

On appeal, Mr. Buhl challenges the district court's rulings on his claims that, (1) he was denied his personal property necessary to practice his religion, (2) various other items of his personal property were also improperly denied him, (3) his right to equal protection was abridged, (4) he was denied his due process rights, and (5) defendant retaliated against him for exposing the theft of his property. He maintains that the United States Constitution, federal statutes, and prison regulations require that his personal property be returned to him or that he be compensated for the property that was not returned, and that he be compensated for defendant's retaliation.

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. Applying the standards set out above, we affirm the

-3-

judgment for substantially the same reasons stated in the magistrate judge's August 6, 2003 recommendation, as adopted by the district court.

*Motion for Reconsideration*

Mr. Buhl also appeals the district court's order denying reconsideration of the judgment. We review the district court's denial of a motion to reconsider for an abuse of discretion. *Wright ex rel. Trust Co. of Kan. v. Abbot Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir. 2001). Under this standard, we will affirm the decision to deny reconsideration unless it was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* at 1236.

In addition to adopting the magistrate judge's recommendation to enter judgment in defendant's favor, the district court's judgment denied Mr. Buhl's post-recommendation motion to supplement jurisdiction, which sought to invoke the Federal Tort Claims Act (FTCA). In his motion to reconsider the judgment, Mr. Buhl argued that he had exhausted his FTCA administrative remedies, and that the judgment was not warranted. Mr. Buhl did not include the FTCA claim in his complaint; therefore, it was not properly before the court. Moreover, Mr. Buhl did not demonstrate any error in the judgment. Therefore, the district court did not abuse its discretion in denying the motion to reconsider.

*Conclusion*

To the extent Mr. Buhl rests his appellate argument on evidence not presented to the district court, *see* Aplt. Reply Br. at 4 (referring to alleged remark of prison official on March 25, 2004), we decline to consider it. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003) (holding issue not raised in district court waived).

Mr. Buhl has renewed in this court his motion to proceed without prepayment of costs and fees. The motion is GRANTED. Mr. Buhl is reminded that he is obligated to continue making partial payments until the entire fee has been paid. Mr. Buhl's motion for sanctions is DENIED.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge

-5-