**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARTER HARGRAVE,

      Plaintiff–Appellant,

v.

CHIEF ASIAN, LLC; MARTIN ENG,

      Defendants–Appellees.

No. 11-5112
(D.C. No. 4:10-CV-00006-JHP-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Plaintiff Carter Hargrave, proceeding pro se, appeals from the district court's denial of his motion for default judgment and the dismissal of his complaint with prejudice. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Hargrave is a martial arts instructor who specializes in teaching "Jeet Kune Do," which is a style of martial arts that Bruce Lee created in the 1960s. He was a student of the Bruce Lee Jeet Kune Do School in California, founded the World Jeet Kune Do Federation, and has published "The Original Jeet Kune Do Training Manual" and the "World Jeet Kune Do Federation DVD series." Additionally, he has registered a number of domain names that use "Jeet Kune Do" in the title.

Defendants Chief Asian, LLC and Martin Eng have registered the domain name "www.jeetkunedo.com." In an effort to obtain this domain, Hargrave filed a complaint claiming that defendants were cybersquatting and infringing on his interests in the mark "Jeet Kune Do." Hargrave subsequently filed a motion for default judgment, asserting that Chief Asian did not enter an appearance in the case and that Eng submitted an untimely answer to the complaint.[1]

The district court held a hearing on the default judgment motion. After allowing Hargrave to submit evidence, the court denied the motion and dismissed Hargrave's claim with prejudice. As the court explained, Hargrave submitted evidence that established that he was not the owner of the contested mark. This evidence established that there was no legal basis for the claim, and warranted dismissal of the complaint.

---

[1]    Chief Asian and Eng were not represented by an attorney in the proceedings before the district court.

Hargrave filed a motion asking the court to reconsider the default judgment ruling, or alternatively, to vacate the dismissal with prejudice. The court reconsidered its initial order, but ultimately concluded that it had properly dismissed the case for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The court thus denied the motion to vacate and stated that the initial order dismissing the case with prejudice remained in effect.

## II

On appeal, Hargrave challenges the district court's dismissal of his complaint on the merits and its denial of his motion for default judgment. Hargrave also contends that the district court was biased against him as a pro se litigant.

## A

"We review de novo the district court's Rule 12(b)(6) dismissal . . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010) (quotation omitted). To state a claim for trademark infringement under 15 U.S.C. § 1114(1) or cyberpiracy under 15 U.S.C. § 1125(d), the party bringing the action must be the registered owner (or assignee) of the mark. See 15 U.S.C. §§ 1114(1), 1125(d)(1)(A), 1127. However, a party who is not the registered owner of a trademark may state a claim for trademark infringement under 15 U.S.C. § 1125(a)(1). See Two Pesos,

-3-

Inc. v. Taco Cabana, Inc., 505 U.S. 763, 767-68 (1992) (noting that § 1114(1) applies to registered marks and § 1125(a)(1) "protects qualifying unregistered trademarks").

The district court determined that Hargrave could not establish that he had a legally enforceable interest in the mark "Jeet Kune Do." In reaching this determination, the district court considered the allegations in the complaint as well as additional documents that Hargrave subsequently filed under seal.[2] The additional documents include a copy of a settlement agreement between Hargrave and Concord Moon, LP, outlining Hargrave's ability to use the mark "Jeet Kune Do" and a copy of a "Trademark Assignment Abstract of Title" delineating the succession of owners of the registered mark "Jeet Kune Do."

The district court explained that the "Trademark Assignment Abstract of Title" shows that Hargrave "is not now, and never has been, an owner of the registered mark 'Jeet Kune Do.'" Hargrave does not dispute this finding; he alleged in his complaint, however, that the settlement agreement gave him exclusive rights to the "Jeet Kune Do" mark. He therefore contends that the

---

[2] The district court concluded that it would be appropriate to construe the additional documents as an addendum to the complaint. We note that "in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir. 2001). Hargrave does not challenge the district court's decision to treat the documents as part of his complaint.

district court erred by failing to accept as true the allegations in his complaint. We disagree.

Hargrave's allegation is contradicted by the plain language of the settlement agreement, and "we need not accept as true . . . allegations of fact that are at variance with the express terms of an instrument attached to the complaint as an exhibit and made a part thereof." Jackson v. Alexander, 465 F.2d 1389, 1390 (10th Cir. 1972). The settlement agreement states, "[Concord Moon, LP] and its successors agree that [Hargrave] is free to use the terms 'Jeet Kune Do,' 'Official Website of Jeet Kune Do,' and 'World Jeet Kune Do Federation.'" (emphasis added.) The agreement does not, however, grant Hargrave exclusive rights to the terms.

As the district court explained, "[t]he 'free to use' language of the Agreement cannot establish more than a basic license to use the contested mark, therefore § 1114(1) cannot provide a basis for [Hargrave] to pursue a trademark infringement claim." This was a correct statement of the law; a party bringing an infringement claim under § 1141(1) or a cyberpiracy claim under § 1125(d) must be the registered owner (or assignee) of the mark. Accordingly, the district court properly concluded that Hargrave's complaint failed to state a claim under those sections.

Hargrave also asserts that he had common law rights to the mark "Jeet Kune Do," which could give rise to a claim under § 1125(a)(1). See, e.g., Tana v.

Dantanna's, 611 F.3d 767, 773 (11th Cir. 2010) ("[T]he use of another's unregistered, i.e., common law, trademark can constitute a violation of [§ 1125(a)(1)]." (quotation omitted)).  We have explained the circumstances under which a trademark may be entitled to common law rights as follows:

> Even though a trademark may not be validly registered . . . because it is merely descriptive, common law will afford protection similar to that under the Act if the mark through usage has become, to the purchasing public, associated with a particular manufacturer or producer.  To acquire this secondary meaning, the descriptive words must have been used so long and so exclusively by one producer with reference to his goods or articles that, in that trade and to that branch of the purchasing public, the word or phrase (has) come to mean that the article is his product.

Educ. Dev. Corp. v. Econ. Co., 562 F.2d 26, 29-30 (10th Cir. 1977) (quotations omitted).

Hargrave cannot claim common law rights in the mark "Jeet Kune Do" as the mark is not "merely descriptive."  Moreover, it has already been registered to another owner who has not relinquished its rights to use the mark.  Rather, the owner has simply granted Hargrave a non-exclusive right or license to use the mark.  We thus agree with the district court that Hargrave's complaint failed to establish common law rights to the mark "Jeet Kune Do" and that Hargrave's complaint failed to state a claim under § 1125(a)(1).

**B**

Hargrave argues that the district court violated his right to due process when it changed the purpose of the hearing on his motion for default judgment

-6-

into a "Trial by Ambush" without giving him any notice. Hargrave further contends that the district court's sua sponte ruling was in error and that default judgment should have been entered in his favor. We review the constitutional question de novo, Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir. 2001), and the district court's denial of a motion for default judgment for an abuse of discretion, Bixler, 596 F.3d at 761.

The district court addressed the notice issue in its decision on Hargrave's motion to reconsider. Specifically, the court indicated that it provided Hargrave with proper notice by scheduling a hearing to consider the default judgment issue. Under the Federal Rules, such a hearing can be for the purpose of establishing whether sufficient evidence exists to support the requested judgment. See Fed. R. Civ. P. 55(b)(2)(C).

In addition, we have upheld the constitutionality of a sua sponte dismissal of a meritless complaint that could not be salvaged by amendment. See Curley, 246 F.3d at 1284. In Curley, we noted that the lack of prior notice is harmless when "the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court and the appellate court, including the opportunity to suggest amendments that would cure the complaint's deficiencies." Id. Hargrave took advantage of this opportunity by filing a motion to reconsider, but again relied on the settlement agreement to support his allegation that he had an "unlimited Trademark license." Although he asserted that he "would have

supplied additional evidence if [he] had been allowed to [do] so," he did not specify what that evidence might be.

Because Hargrave's complaint is based on claims of infringement of a legal interest which clearly does not exist, the district court properly concluded that it would be futile to allow Hargrave to amend his complaint. No amendment could change the fact that Hargrave did not own the contested trademark. As such, dismissal with prejudice was proper. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("[A] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

We find no constitutional violation in the way the district court conducted the default judgment hearing or in its sua sponte dismissal of the complaint with prejudice. Likewise, we conclude that the district court did not abuse its discretion in refusing to enter judgment in favor of Hargrave when his claims were subject to dismissal under Rule 12(b)(6). See Bixler, 596 F.3d at 761-62.

## C

Finally, Hargrave contends that the district court judge harbors a bias against pro se litigants that was evidenced by the judge's repeated disrespectful comments during the proceeding. He claims that this bias violated his right to due process. However, to "demonstrate a violation of due process because of judicial bias, a claimant must show actual bias or an appearance of bias." United

States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) (quotation omitted). Under this standard, Hargrave was required to show that a "reasonable, objective person, knowing all the relevant facts, [would] question the judge's impartiality." Id.

Hargrave has failed to demonstrate that the district court judge was biased against him. "[A] judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are immune from charges of bias and partiality." Id. "[C]ritical," "disapproving," or "hostile," remarks usually will not support a bias charge. Id. Although Hargrave claims that the district court judge made "disrespectful comments," it appears the judge was simply expressing frustration at the case management obstacles he encountered in a case involving two pro se parties.

As for Hargrave's claim that the judge held him, as a pro se litigant, to a higher burden of proof, we have reviewed the district court's consideration of Hargrave's complaint and found no reversible error. The fact that the district court ruled against Hargrave may not form the basis for a finding of bias. Nickl, 427 F.3d at 1298 ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (quotation omitted)). Because Hargrave has failed to demonstrate any bias on the part of the district court judge, he has not shown that his due process rights were violated.

## III

To summarize, Hargrave neither owns the registered "Jeet Kune Do" trademark nor the common law rights to that mark. Evidence presented by Hargrave establishes these facts, and forecloses him from bringing claims under §§ 1141(1), 1125(a)(1) or 1125(d). Recognizing that there was no scenario in which Hargrave could succeed in his claim, the district court properly invoked its discretion to dismiss under Fed. R. Civ. P. 55(b)(2)(C). It may have been preferable for the district court to alert Hargrave prior to the default judgment hearing that dismissal was a possibility. But in light of our precedent and Hargrave's motion to reconsider, such notice was not necessary.

We **AFFIRM** the judgment of the district court.

Entered for the Court

Carlos F. Lucero
Circuit Judge