**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN DAVIS,

       Plaintiff–Appellant,

v.

RANDY WORKMAN; ART LIGHTEL;
DEBBIE ALDRIDGE,

       Defendants–Appellees.

No. 12-7043
(D.C. No. 6:12-CV-00229-JHP-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Stephen Davis, proceeding pro se, brought suit against prison officials for an

alleged violation of his constitutional rights. The district court dismissed Davis' claims

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

as frivolous under 28 U.S.C. § 1915(e)(2)(B).  Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal.

## I

Davis alleges that his fellow inmates attacked him with "Hot-Pots and fans" that had an "electromagnetic coil," which "produce[d] electromagnetic transverse waves of energy, that is capable of traveling through walls."  He alleges that this "caus[ed] brain malfunction == involuntary speech, heart arythmia (sic) and sleep deprivation."  Davis argues that this constitutes cruel and unusual punishment in violation of his Eighth Amendment rights.  He further claims that prison officials failed to respond to his complaints in violation of his Fourteenth Amendment right to equal protection of the law.

Davis filed a complaint under 42 U.S.C. § 1983, naming several prison officials as defendants.  The district court concluded that Davis had not alleged any facts to support his claims.  Accordingly, it dismissed his complaint as frivolous.

## II

We generally review a district court's dismissal for frivolousness under § 1915(e) for abuse of discretion.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). However, if the "determination turns on an issue of law," our review is de novo.  Id. Courts are not required to accept all factual allegations as true in reviewing a complaint under § 1915, but our assessment of the allegations "must be weighted in favor of the plaintiff."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  We construe Davis' pro se

-2-

filings liberally. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam).

We see no error in the district court's finding of frivolousness. Davis' complaint fails to specify how defendants were involved in the alleged Eighth Amendment violation. As for the alleged Fourteenth Amendment violation, the complaint contains only the conclusory assertion that by failing to respond to Davis' claims, one official "became negligent in her fiduciary duty" to protect him from harm, a violation other defendants "inactively participated in" by similarly failing to respond. Denuded of any facts to make the allegations plausible, the complaint fails to state a claim on which relief can be granted. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). We agree with the district court that Davis has failed to allege facts to establish that he is incarcerated under conditions posing a substantial risk of serious harm or that prison officials demonstrated deliberate indifference to his safety concerns, as required to state a claim under the Eighth Amendment. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). His complaint also fails to make any plausible allegations of an equal protection violation under the Fourteenth Amendment. Therefore, for substantially the same reasons stated by the district court, we conclude that Davis' claims, as well as this appeal, are properly dismissed under § 1915(e)(2)(B), and that any opportunity to amend his complaint would be futile. <u>See</u> <u>Curley v. Perry</u>, 246 F.3d 1278, 1281-82 (10th Cir. 2001).

## III

We **DISMISS** this appeal and impose one strike on appeal under § 1915(g).  See

Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 778 (10th Cir. 1999).

Because the district court also dismissed Davis' suit for frivolousness, Davis now has two

strikes under § 1915(g).  See id. at 780-81.  We remind Davis that if he accrues three

strikes, he may no longer proceed in forma pauperis in any civil action filed in federal

court unless he is in imminent danger of serious physical injury.  § 1915(g).  We **DENY**

Davis' motion to proceed in forma pauperis on appeal, and direct him to make full

payment of the appellate filing fee immediately.  All other pending motions are

**DENIED**.[1]

> Entered for the Court
>
>
> Carlos F. Lucero
> Circuit Judge

---

[1] Because Davis has failed to show a likelihood of success on the merits, his motion for preliminary injunction is denied.  See Munaf v. Geren, 553 U.S. 674, 690 (2008) ("[A] party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits." (quotation omitted)).