**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK L. BRENNER,

      Plaintiff–Appellant,

v.

JOHN HICKENLOOPER, doing business
as Governor, GOVERNORS OFFICE
FOR THE STATE OF COLORADO, EX
DISTRICT COURT JUDGE CHARLES
BUSS, DISTRICT COURT JUDGE
BRIAN FLYNN, DISTRICT
ATTORNEY PETER HAUTZINGER,
EX DISTICT [sic] ATTORNEY
STEPHEN ERKENBRACK, EX
DEPUTY DISTRICT ATTORNEY
RANDY BROWN, and ATTORNEY
THOMAS LACROIX,

      Defendants–Appellees.

No. 12-1497
(D.C. No. 1:12-CV-02724-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

     * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Patrick L. Brenner, a Colorado prisoner proceeding pro se, appeals from the district court's order dismissing his 42 U.S.C. § 1983 action challenging the validity of his state court criminal convictions and sentences. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In 1991, Brenner pled guilty to two counts of sexual assault on a child by one in a position of trust. In December 2005, Brenner filed a 28 U.S.C. § 2254 habeas petition challenging his state convictions. His petition was denied as time-barred and his appeal dismissed. In August 2007, Brenner again filed a § 2254 habeas petition challenging his state convictions. Holding that the petition was an attempt to file a second or successive habeas, the district court transferred it to this court for authorization pursuant to 28 U.S.C. § 2244(b)(3). We denied authorization.

On October 12, 2012, Brenner filed a 42 U.S.C. § 1983 complaint in federal court against Governor John Hickenlooper and his office, former Judge Charles Buss, Judge Brian Flynn, three prosecuting attorneys, and his defense counsel. His complaint asserted twelve claims alleging irregularities and defects in his state court criminal proceedings and plea agreement.

The district court dismissed Brenner's action. It pointed out that because Brenner challenged his state convictions and current sentences, his sole federal remedy was through a writ of habeas corpus, which Brenner could only seek in a separate action after exhausting state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 504 (1973). The court also determined that Brenner's claims for damages under 42 U.S.C. § 1983 were barred under Heck v. Humphrey, 512 U.S. 477 (1994), because judgment for damages would imply the invalidity of the conviction or sentence, and such an action does not arise until a conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Finally, the district court dismissed Brenner's claims against Governor Hickenlooper, the judges who presided over his criminal case, the prosecuting attorneys, and his defense counsel because they were either frivolous or the defendants were entitled to immunity.

On appeal, Brenner makes four arguments: (1) Judges Buss and Flynn were not entitled to immunity; (2) the prosecutors are entitled only to qualified immunity; (3) his attorney was conspiring with the prosecutors and therefore a state actor subject to liability under § 1983; and (4) his due process rights were violated.

## II

We generally review a district court's dismissal for frivolousness under 28 U.S.C.

§ 1915 for abuse of discretion.  Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006).

However, if the "determination turns on an issue of law," our review is de novo.  Id.

Courts are not required to accept all factual allegations as true in reviewing a complaint

under § 1915, but our assessment of the allegations "must be weighted in favor of the

plaintiff."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  We construe Brenner's pro se

filings liberally.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

We see no error in the district court's finding of frivolousness.  First, Judges Buss

and Flynn are absolutely immune from civil rights suits when acting in a judicial capacity

unless they act in the clear absence of all jurisdiction.  See Mireles v. Waco, 502 U.S. 9,

11-12 (1991); Hunt v. Bennett, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Brenner's

conclusory assertions that Judge Buss lacked jurisdiction, both Buss and Flynn "acted

outside of there [sic] judicial nature," the judges' oaths were "vague," and Buss is not a

judge by the "standards of the United States Constitution" are unavailing.  Brenner offers

no support for these allegations, nor does he explain how his vagueness claim is relevant

to the district court's determination that the judges are immune from suit.

Second, Brenner may not sue the attorneys who prosecuted him for damages under

§ 1983.  Prosecutors are entitled to absolute immunity for actions taken in a prosecutorial

function and are entitled to qualified immunity for actions taken in an investigative or

administrative function.  Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009).  Brenner

alleges that the prosecutors are not entitled to immunity because they "knew the contract

-4-

was illegal." He also suggests that the prosecutors filed false documents. Again, Brenner fails to elaborate on these conclusory allegations.

Third, Brenner may not sue his defense counsel, Thomas LaCroix, under § 1983 because LaCroix is a not a state actor and thus not a proper defendant in a § 1983 action. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defender does not act under "color of state law" when performing lawyer's traditional functions as counsel to defendant). Brenner argues that LaCroix "conspired" with the prosecutors because he refused to modify the plea agreement as Brenner requested, and claims that due to this alleged conspiracy LaCroix is liable under § 1983. We have previously held, however, that "[c]onclusory allegations of conspiracy [with state actors] are insufficient to establish a valid § 1983 claim." Hunt, 17 F.3d at 1266 (quotation omitted).

Finally, Brenner's claim for due process fails. He makes only conclusory allegations that the defendants violated a contract and applicable guidelines and time limits.

Without any facts that render the above allegations plausible, Brenner's complaint fails to state a claim on which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, for substantially the same reasons stated by the district court, we conclude that Brenner's claims, as well as this appeal, are properly dismissed

-5-

under § 1915(e)(2)(B), and that any opportunity to amend his complaint would be futile. See Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001).

## III

We **DISMISS** this appeal and impose one strike under § 1915(g).  See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 778 (10th Cir. 1999).  Because the district court also dismissed Brenner's suit for frivolousness, Brenner now has two strikes under § 1915(g).  See id. at 780-81.  We remind Brenner that if he accrues three strikes, he may no longer proceed in forma pauperis in any civil action filed in federal court unless he is in imminent danger of serious physical injury.  § 1915(g).  We **DENY** Brenner's motion to proceed in forma pauperis on appeal, and direct him to make full payment of the appellate filing fee immediately.

Entered for the Court

Carlos F. Lucero
Circuit Judge