FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**December 7, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

MICHAEL A. BACON,

     Plaintiff - Appellant,

v.

DERRIK MARSHALL; JUDICIAL
SUPERVISION SERVICES,

     Defendants - Appellees.

No. 23-4071
(D.C. No. 2:21-CV-00701-HCN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Michael Bacon, proceeding pro se, appeals the district court's order dismissing

his complaint for failure to state a claim under _Bivens v. Six Unknown Named Agents_

_of Federal Bureau of Narcotics_, 403 U.S. 388 (1971), or 42 U.S.C. § 1983.[1] Because

Bacon waived appellate review by failing to challenge much of the district court's

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Bacon's pro se filings, but we will not act as his advocate. _See Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

order and because the district court correctly determined that Bacon's allegations constitute a new *Bivens* context with at least one special factor counseling against extending that remedy, we affirm.

## Background

Bacon alleges that various John Does, Derrik Marshall (his federal probation officer), and Judicial Supervision Services (JSS, a private contractor that collects urine samples for probation services) violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. In particular, Bacon alleges that Marshall held a grudge against him because of his involvement in a prior lawsuit that made it more difficult for the government to protect the identity of its cooperators.[2] According to Bacon, Marshall said that he would make sure Bacon had a "difficult time" and "would not be fair with [Bacon]." R. 51 (capitalization standardized). Bacon further alleges that Marshall caused him to become homeless and then had him arrested because he was homeless. He also alleges that Marshall fabricated probation violations as pretext for Bacon's arrest and lied to a magistrate judge about Bacon's conduct so that Bacon would remain

---

[2] This allegation is presumably related to proceedings in which Bacon sought to unseal the supplement to his plea agreement because it stated that he had not cooperated with the government. *See United States v. Bacon*, 950 F.3d 1286, 1290 (10th Cir. 2020). The district court refused to unseal the supplement, citing a local rule requiring all plea supplements be sealed to create "uniformity," ostensibly to protect the identity of cooperators. *Id.* (quoting R. vol. 1, 45). On appeal, we vacated and remanded the district court's decision after concluding that it plainly erred by ignoring the common-law presumption of access to judicial records and failing to make case-specific findings to support sealing. *Id.* at 1293, 1297.

incarcerated. In addition, Bacon alleges that JSS, with Marshall's approval, committed "a form of sexual assault and a form of rape" when it forced him to remove his clothing before providing a urine sample. *Id.* at 53 (capitalization standardized).

A magistrate judge screened Bacon's in forma pauperis (IFP) complaint under 28 U.S.C. § 1915(e)(2)(B) and recommended dismissing it sua sponte for failure to state a claim. The magistrate judge determined that because Bacon alleged defendants acted under color of federal law, not state law, his claims were properly brought under *Bivens*, not § 1983. And the magistrate judge further recommended dismissing those *Bivens* claims because (1) Bacon's allegations that Marshall committed perjury to revoke Bacon's supervised release constituted a new *Bivens* context not previously recognized by the Supreme Court and (2) Bacon's ability to bring suit against Marshall under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674, and the "potential interference with the important work of supervising officers" counseled against extending the *Bivens* remedy. R. 128. The magistrate judge also concluded that Bacon's *Bivens* claims against JSS—a private entity acting under color of federal law—was precluded by Supreme Court precedent declining to extend the *Bivens* remedy to actions against private federal contractors. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

The district court adopted the magistrate judge's report and recommendation in its entirety over Bacon's objections. And it later denied Bacon's reconsideration motion, reiterating that Bacon could not rely on § 1983 to sue JSS or any individual

3

defendants because he alleged no facts to support the proposition that defendants had acted under color of state law. The district court also noted Bacon failed to state a claim under the FTCA because he had not presented his claims to the appropriate federal agency first.

Bacon appeals.

**Analysis**

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999)).

On appeal, Bacon asserts simply that he should be able to sue Marshall and JSS, but he does nothing to develop that position. At best, he seeks to incorporate by reference the arguments he raised below, which we do not permit. *See* Fed. R. App. P. 28.3(B) (stating that "[i]ncorporating by reference portions of lower court or agency briefs or pleadings is disapproved and does not satisfy" our briefing

requirements). Bacon has therefore waived any challenge to most of the district court's rulings, including that his § 1983 claims fail for lack of state action and that his *Bivens* claim against JSS is barred by binding Supreme Court precedent. *See United States v. Fisher*, 805 F.3d 982, 990–91 (10th Cir. 2015) (finding arguments waived through inadequate appellate briefing). The only argument even passingly developed in Bacon's brief is his position that the district court erred in holding that the FTCA provided an alternative remedy counseling against extending *Bivens* to his claims against Marshall, so this is the only argument we will consider here.

In *Bivens*, the Supreme Court recognized a cause of action against federal officials for alleged Fourth Amendment violations. *See Egbert v. Boule*, 596 U.S. 482, 490 (2022). And "[o]ver the following decade, the Court twice again fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim; and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment." *Id.* at 490–91 (citations omitted). However, "[s]ince these cases, the Court has not implied additional causes of action under the Constitution." *Id.* at 491.

The Supreme Court has instructed that when faced with *Bivens* claims, lower courts should engage in a two-step inquiry, as the district court did here. The first question is whether the case presents a new context in that it is "'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* at 492 (alteration in original) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there

5

are 'special factors' indicating that the [j]udiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). Moreover, the Supreme Court has explained "those [two] steps often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.*

Here, the district court concluded that Bacon's allegations that Marshall committed perjury to revoke Bacon's supervised release were "different in a meaningful way from previous *Bivens* cases" because he did not allege unreasonable search and seizure, sex discrimination, or deliberate indifference to medical needs. R. 128; *see also Ziglar*, 582 U.S. at 139. Bacon does not purport to challenge the conclusion that this is a new *Bivens* context, and other circuits have held as much in similar circumstances. *See Xi v. Haugen*, 68 F.4th 824, 834 (3d Cir. 2023) (finding new context where plaintiff "allege[d] that federal agents made false statements and material omissions of exculpatory evidence that led the [g]overnment to investigate, arrest, and prosecute him"); *Cantú v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019) (finding new context where plaintiff alleged that officers "falsified affidavits"). Given Bacon's waiver of this issue and this persuasive circuit authority, we agree with the district court that this is a new *Bivens* context.

As to special factors counseling hesitation before expanding *Bivens* to this new context, we recently observed that "expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances."

6

*Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (quoting *Ziglar*, 582 U.S. at 135). A court will not expand *Bivens* if "Congress is better positioned to create remedies in the" new context at hand or if "the [g]overnment already has provided alternative remedies that protect plaintiffs." *Id.* at 1141. Here, the district court found that both special factors applied, reasoning that Congress was better equipped to create remedies in this context because of the "potential interference with the important work of supervising officers" and that the FTCA provided an alternative remedy.

On appeal, Bacon purports to challenge only the latter ruling. But even if we were to agree with him that the FTCA is not an alternative remedy counseling against extending *Bivens*, that would not be reason enough to reverse. The district court's concern about Congress being better suited to create a remedy to avoid interfering with the work of probation officers is sufficient, standing alone, to counsel against expanding *Bivens*. *See Silva*, 45 F.4th at 1141; *Carvajal v. United States*, No. 20-CV-567, 2021 WL 2814883, at *4–5 (N.D. Tex. May 11, 2021) (unpublished) ("Supervision-based *Bivens* claims like this . . . could possibly interfere with the difficult responsibilities of probation officers."), *report and recommendation adopted*, 2021 WL 2808966 (N.D. Tex. July 6, 2021) (unpublished). And Bacon waived any argument to the contrary by not making one in his brief. So we conclude that this case, like "virtually all" new *Bivens* contexts, is not appropriate for extending the *Bivens* remedy. *Silva*, 45 F.4th at 1140. We accordingly affirm the district court's dismissal order.

As a final matter, we grant Bacon's motion to proceed IFP on appeal and deny his motion asking for an order directing his prison to provide him with certain legal documents.

## Conclusion

We affirm the district court's order dismissing Bacon's complaint with prejudice because he failed to state a claim under *Bivens* or § 1983, grant his IFP motion, and deny his motion for documents.

Entered for the Court

Nancy L. Moritz
Circuit Judge