**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**June 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DANNY JARVIS,

    Plaintiff - Appellant,

v.

WESTON COUNTY DETENTION
CENTER; CORPORAL JASON
JENKINS, in his official capacity;
OFFICER LARAMIE, in his official
capacity; OFFICER AUSTIN WELLS,
in his official capacity,

    Defendants.

No. 23-8063
(D.C. No. 1:23-CV-00103-SWS)
(D. Wyo.)

_____

### ORDER AND JUDGMENT*
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

Danny Jarvis, proceeding pro se, appeals from the district court's sua sponte

dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)

for failure to state a claim upon which relief could be granted. We affirm in part and

reverse and remand in part.

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

At the time of the incidents giving rise to Mr. Jarvis's complaint, he was a pre-trial detainee at Weston County Detention Center (WCDC), and the individual defendants Jason Jenkins, Austin Wells, and Officer Laramie[1] were employees at WCDC.

In count one, Mr. Jarvis alleged the defendants violated his rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment by being seriously indifferent to his serious dental needs.[2] He alleged he had two broken teeth, an abscess, and exposed nerves, but the defendants failed to schedule him to see a dentist even though a doctor told the defendants he needed to see a dentist or an oral surgeon. He further alleged he suffered for three weeks with tremendous and agonizing nerve pain.

In count two, Mr. Jarvis alleged the defendants violated his Sixth Amendment right to self-representation and adequate access to the courts because WCDC does not have a law library. In count three, he alleged defendants violated his due process rights under the Fourteenth Amendment by enforcing WCDC's unconstitutional grievance procedure, which only permits one level of review and no appeal after that one decision.

---

[1] Mr. Jarvis did not provide a first name for Officer Laramie.

[2] Because Mr. Jarvis was proceeding pro se in district court, we liberally construe his complaint. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Prior to service on the defendants, the district court dismissed Mr. Jarvis's complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  In its order, the district court construed Mr. Jarvis's complaint as suing all defendants in their official capacities only.  *See* R. at 60 n.2.

With respect to the first two counts, the court explained that Mr. Jarvis was seeking monetary relief, but plaintiffs cannot seek money damages from individual defendants in their official capacities and Mr. Jarvis had sued the individual defendants only in their official capacities.  Because such claims for money damages were not properly raised, the court determined those claims must be dismissed for failure to state a claim for relief.

On the third count, the district court explained that the grievance process at WCDC permits the inmate to submit a complaint on a specific form, and then the Detention Administrator responds to the complaint.  "The Detention Administrator's decision is final" and "[t]here are no subsequent opportunities to appeal or challenge [that] decision."  R. at 67.  The district court determined Mr. Jarvis had not plausibly alleged he had been deprived of a protected liberty interest, or that the process provided by WCDC is inadequate.  The court further explained it would not consider Mr. Jarvis's "conclusory allegation[]" that "the lack of an opportunity to appeal the Detention Administrator's decisions violates his constitutional rights."  R. at 69.  The court therefore concluded Mr. Jarvis's due process claim failed to state a claim upon which relief could be granted.

The district court dismissed the complaint. It did not grant Mr. Jarvis leave to amend or determine that amendment would be futile. Mr. Jarvis now appeals from the district court's dismissal.

II. Discussion

We review de novo the district court's decision to dismiss a complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged *and* it would be futile to give him an opportunity to amend." *Id.* (internal quotation marks omitted) (emphasis added).

Mr. Jarvis argues the district court erred because he should have been allowed to amend his complaint to sue the individual defendants in their individual capacities. We conclude the district court erred by sua sponte dismissing Mr. Jarvis's claims in counts one and two without giving him an opportunity to cure this technical defect or determining that amendment would be futile.[3] *See id.*; *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint

_____

[3] The district court cited *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997). Although *McGore* appears to permit sua sponte dismissal of a complaint if it is deficient when filed without considering futility of amendment, our court has long required that a district court consider whether it would be futile to give a pro se litigant an opportunity to amend *prior* to sua sponte dismissal, *see, e.g.*, *Kay*, 500 F.3d at 1217; *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001); *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

when doing so would yield a meritorious claim."). We therefore reverse the district court's dismissal of these counts and direct the court to consider futility of amendment in the first instance on remand. If amendment would not be futile, the court should give Mr. Jarvis an opportunity to amend his complaint.

As for count three, Mr. Jarvis argues the court erred because the grievance procedure violates his First Amendment access to the courts because defendants never respond to his grievances, and if he can't comply with the exhaustion requirement in the Prison Litigation Reform Act (PLRA) then he is prohibited from filing a § 1983 claim. But Mr. Jarvis did not allege in his complaint that the grievance procedure violates his First Amendment access to the courts, nor did he allege that the defendants never responded. Our review is limited to the allegations contained in the complaint. *See Kay*, 500 F.3d at 1218 ("[W]e look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." (internal quotation marks omitted)); *see also Summum v. Callaghan*, 130 F.3d 906, 913 n.9 (10th Cir. 1997) (denying motion to file a video as part of the record on appeal from a dismissal for failure to state a claim, explaining "our review is confined to allegations made in the . . . complaint").

Mr. Jarvis alleged in his complaint that the grievance procedure violates his Fourteenth Amendment right to due process because "[t]here is one level to the Detention Administrator, there is no time limit in which defendants have to respond, and you may not appeal this one level decision." R. at 10. He also alleged he had "exhausted this one level complaint," *id.*, and attached the form he submitted

5

regarding his claim about his medical needs, which did include a response from WCDC, *see* R. at 48.  The district court explained that "[t]he PLRA does not require the administrative remedies to be more than one level or include an appeal.  It only requires Plaintiff to exhaust whatever administrative remedies are available to him at WCDC.  Plaintiff has indicated he has done so." R. at 68.  The court further explained that "Mr. Jarvis does not allege any specific facts to make it plausible he has been deprived of a protected liberty interest, or that the process provided by WCDC is unresponsive or inadequate." *Id.*  We see no reversible error in the district court's dismissal of this claim.

### III.  Conclusion

We affirm the district court's dismissal of count three.[4]  We reverse and remand the district court's dismissal of counts one and two for further proceedings consistent with this decision.[5]  We grant Mr. Jarvis's motion for leave to proceed

---

[4] Although not set out in the three distinct counts in his complaint, Mr. Jarvis also alleged in his complaint that he only received access to the exercise yard three times in one month when he was supposed to receive access three days per week. The district court construed this as an Eighth Amendment claim but concluded Mr. Jarvis failed to plausibly allege that the defendants acted with deliberate indifference to a substantial risk of serious harm.  The court therefore dismissed this claim for failure to state a claim.  Mr. Jarvis states in his appellate brief that he waives and withdraws this claim.  Accordingly, we also affirm the district court's dismissal of this claim.

[5] When the district court dismissed the complaint pursuant to § 1915(e)(2)(B)(ii), that counted as a strike.  Because we are reversing in part, that dismissal no longer counts as a strike. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015).

without prepayment of costs or fees, and we remind him to continue making partial

payments until the entire fee has been paid.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge